The plaintiff herein, Sidney J. Favre, brought this suit against the defendants, Edwin Tassin, and his insurer, the American Casualty Company, claiming the sum of $200.32, for property damage, alleged to be due as a result of an intersectional collision between his 1942 Oldsmobile Sedanette and defendant's 1942 1 1/2-Ton Ford Dump Truck.
Defendants answered denying liability and averring that the accident was due solely to the negligence of the plaintiff and, in the alternative, defendants plead "contributory negligence on the part of the plaintiff, and that plaintiff had the last clear chance of avoiding the accident."
From a judgment in favor of plaintiff as prayed for, defendants prosecute this appeal.
The record discloses that the accident occurred on September 9, 1947, at about the hour of 10:00 a.m., in the intersection of "the Fourth Street highway" and "Grefer Street or avenue," which is located between Gretna and Westwego, in the Parish of Jefferson, Louisiana.
Fourth Street is a paved two-lane highway. Grefer Street is a graveled road which intersects but does not cross the Fourth Street highway.
Plaintiff was driving his car about twenty-five or thirty miles per hour in the right lane of the Fourth Street highway, towards Gretna, approaching that part of the highway intersected by Grefer Street. Wallace Blanchard, the driver of defendant's truck, corroborates the testimony of plaintiff as to the speed of his car. The truck was in Grefer Street "slowly" approaching the Fourth Street highway anticipating a stop at the intersection, with the ultimate intention of making a left turn into the "highway" towards Westwego. Blanchard, the driver, admits that the "extreme right portion" of his bumper extended "about a foot" into the highway, and "that while stopped in this position, plaintiff's automobile passed, scraping its right side on the bumper of the truck." The "scraping crease" on the right side of plaintiff's car indicates that the "point of contact" with defendant's bumper is "about six inches to ten inches from the front of the right fender." Defendant's truck is equipped with a "pipe bumper that projects ahead of the regular bumper for protection."
Plaintiff testified that he felt "no jolt" from the contact between the truck and his car, but he brought his car to a stop about twenty-five or thirty feet from the "point of contact," when he heard the metal trim from his car fall to the highway. There is a dispute between plaintiff and defendant relative to whether defendant's truck, after it was brought to a stop "just rolled over on the paved highway" and struck plaintiff's car. Plaintiff testified that he was about twelve or fifteen feet from Grefer Street when he observed defendant's truck coming to a slow stop, and that he could not swerve to the left in order to avoid coming in contact with defendant's bumper because "there was oncoming traffic to my left." Blanchard testified that he could have conveniently stopped his truck further in Grefer Street from the highway and that his vision would not have been obstructed; and that when he first observed the plaintiff's car, it was about one-half block away.
The court, a qua, in rendering judgment for plaintiff, found as a fact that:
"Nowhere in this evidence is it shown where the plaintiff was at fault or was exceeding the speed limit; and on the contrary, according to the defendant's own testimony, it seems that he was coming out of Grefer's Lane and while he might have thought that he stopped, or wanted to stop, there was a misjudgment of distance on his part which caused the accident.
"* * * for Mr. Favre's (plaintiff's) car to have struck this truck, he would *Page 457 
have had to have gotten off the highway entirely. As Mr. Favre correctly says, he was coming down the highway and he had every reason to believe that the Tassin truck would stop.
"* * * this truck did roll towards the highway and the bumper of the truck extended over the highway, which caused the impact and the accident at that time."
Defendants maintain that the lower court erred in the following particulars:
(1) In holding that the defendant's truck was not stopped at the intersection.
(2) In holding that the driver of the defendant's truck was negligent.
(3) In not finding that the plaintiff had the last clear chance to avoid the accident, and
(4) In not finding that the plaintiff was contributorily negligent.
We are not impressed by defendants' contention that the court, a qua, erred in the foregoing respects. The only questions presented for our consideration are ones of fact. We have made a careful analysis of the record and we are of the opinion that the learned judge, a quo, was correct in finding as a fact that "according to defendant's own testimony, it seems that he was coming out of Grefer's Lane, and while he might have thought that he stopped or wanted to stop, there was a misjudgment of distance on his part which caused the accident." This fact is substantiated by the following testimony elicited from Wallace Blanchard:
"Q. Is it not a fact that Mr. Favre's (plaintiff's) car was passing through that intersection, and that you went to stop but you let your truck roll, and that your extreme tip of the farthest part of your right front bumper struck Mr. Favre's car? A. That's right; the front right bumper".
The record is replete with testimony to the effect that the bumper of defendant's truck projected at least twelve inches into the Fourth Street highway after the accident, and the nature of the damages sustained by plaintiff's car is in accord with this testimony. The "crease" admittedly caused by defendant's bumper scraping along the right side of plaintiff's car, begins six to ten inches from the front of the right fender and continues through the rear fender.
We are also of the opinion that defendants' pleas of "contributory negligence" and "last clear chance" are not well founded. The record reflects that plaintiff was driving his automobile in the "heavily traveled" Fourth Street highway, containing two lanes for ascending and descending traffic; that he was traveling at a moderate rate of speed — "twenty-five to thirty miles per hour"; that he observed defendant's truck in Grefer Street, a graveled road, which intersects but does not cross the highway, slowing down, as plaintiff testified, "to a stopping rate," and, therefore, under the prevailing circumstances no obligation was imposed upon plaintiff to stop at this intersecting road, especially in view of the fact that the driver of defendant's truck indicated by his actions that he intended to come to a complete stop and not permit the bumper of the truck to slowly project itself on the highway and into the path of the traffic which defendant's driver admittedly observed approaching.
We are also of the opinion that plaintiff did not possess the "last clear chance" to avoid this accident. The actions of the driver of defendant's truck were indicative of his intentions to stop and remain so and plaintiff had every reason to rely on these manifestations of the driver's intention. A fortiori, for plaintiff to have possessed the last clear chance, he must have been, or should have been, aware of the dangerous situation or emergency and must have had a reasonable time within which to avoid the impending accident.
Defendants produced, as a witness, Curtis Williams Thorne, who attempted to testify adversely to the plaintiff. We are not impressed with his testimony, for the simple reason that he did not see the accident, which is confirmed by the following testimony elicited from him:
"Q. Did you see the actual collision between the truck and the automobile? A. No, I did not."
The record reveals an agreement between counsel that the monetary amount of damages sustained by plaintiff's car amounts to the sum of $200.32. *Page 458 
This is manifestly a case which involves the application of the well known doctrine that the findings of a trial court will not be disturbed or reversed where only questions of fact are involved, unless that finding is obviously erroneous, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.